# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**WEST STONE WORKS CO., INC.**
**d/b/a WEST MEMORIALS,**

    **Plaintiff,**

**v.**                                                            **Docket No. 2:21-cv-2207**
                                                                     **JURY DEMAND**

**PORTSMOUTH MONUMENT**
**CORPORATION,**

    **Defendant.**

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff West Stone Works Co., Inc. d/b/a West Memorials for its Complaint against Portsmouth Monument Corporation, states as follows:

### PARTIES

1. Plaintiff West Stone Works Co., Inc. d/b/a West Memorials ("West") is a corporation organized under the laws of the State of Tennessee with its principal place of business in Shelby County, Tennessee.

2. Defendant Portsmouth Monument Corporation ("PMC") is a business entity with its principal place of business located at 1617 Offnere St. Portsmouth, Ohio 45662.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over West's claims for copyright infringement and related claims pursuant to 17 U.S.C. § 501, 28 U.S.C. § 1331 and § 1338(a).

4. This Court further has subject matter jurisdiction over West's claims against Defendant pursuant to 17 U.S.C. § 1332, as complete diversity exists between the parties. Plaintiff is a citizen of the state of Tennessee, and Defendant is a citizen of the state of Ohio.

5. Defendant is subject to specific in personam jurisdiction in the courts of this state as Defendant purposefully availed itself of the privilege of conducting business in this state, and the allegations of this Complaint directly arise from its conduct in this state such that Defendant could reasonably be expected to be haled into court in this state.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400 because a substantial part of the events giving rise to the claim occurred in this District and because Defendant has a sufficient connection with this District to make venue proper in this District, as alleged in this Complaint.

## STATEMENT OF FACTS

7. West is in the business of designing and selling memorials, including monuments, headstones, statues, and civic and war memorials. West provides custom designs individually tailored to each customer.

8. In 2011, West designed and had constructed a memorial it identified as the "Botner Monument." West has registered that memorial with the United States Copyright Office, with a registration number of VAu001388500. A copy of this copyright registration is attached hereto as **Exhibit A-1**. A photograph of the Botner Monument is attached hereto as **Exhibit A-2**.

9. The Botner Monument is an award-winning design.

10. In 2013, West designed and had constructed a memorial it identified as the "Cheek Monument." The Cheek Monument is a derivative work of the Botner Monument with a few design modifications. West has registered the Cheek Monument with the United States Copyright

Office, with a registration number of VAu001388590. A copy of this copyright registration is attached hereto as **Exhibit B-1**. A photograph of the Cheek Monument is attached hereto as **Exhibit B-2**.

10. In April 2016, a member of the family of McKenna Grace Lyons, James Korey Alexander, contacted West Memorials about assisting with a memorial on behalf of his sister, Keva Lyons (McKenna Grace's mother). Mr. Alexander expressed interest to West in the Cheek Monument, which was displayed on West's website, as a memorial to McKenna Grace.

11. After further discussions and negotiations between Mr. Alexander and Ms. Lyons, West agreed, and its artists and designers worked to fulfill this request.

12. Between April and June 2016, Missy West, one of the principals of West, communicated regularly with Ms. Lyons and Mr. Alexander, including correspondence containing the drawings for the memorial, additional revisions to the same, and pricing information. A collective copy of a sample of this correspondence is attached hereto as **Exhibit C**.

13. Ms. Lyons and Mr. Alexander eventually stopped communicating with Mrs. West or with anyone at West.

14. A copy of the design provided to Ms. Lyons and Mr. Alexander by West is attached hereto as **Exhibit D**.

15. In late 2020, Mrs. West performed a search on www.findagrave.com, a website which catalogs and displays gravesites around the country, to see what type of memorial, if any, the family ultimately decided upon.

16. Mrs. West found the photograph attached hereto as **Exhibit E**.

17. Defendant is the producer of the monument attached as Exhibit E, as evidenced by its own post on Defendant's Facebook page, attached hereto as **Exhibit F**.

18. Defendant knowingly infringed on the design provided by West to the Lyons family by stealing West's copyrighted design and selling a memorial based on what appears to be an exact copy of that design to the family, and retaining all the profits, without receiving any permission or authority from West to copy, distribute, or display the work.

## CAUSE OF ACTION
### (Copyright Infringement)

19. Plaintiff repeats and re-alleges the foregoing allegations as if set forth fully herein.

20. West owns the registered copyrights for the Botner and Cheek Monuments.

21. Defendant has infringed upon West's copyright by copying, reproducing, and distributing infringing materials in the United States of America without approval or authorization from West. Specifically, Defendant has infringed upon West's copyrights in and to the Botner and Cheek Monuments by manufacturing and distributing the memorial Defendant sold to the Lyons family.

22. As a result of its wrongful conduct, Defendant is liable to West for copyright infringement pursuant to 17 U.S.C. § 501.

23. Defendant's acts were willful.

24. West has suffered damages as a result of Defendant's infringement. West is entitled to recover compensatory damages from Defendant, including lost profits on sales of West's exclusive proprietary and copyrighted design, and any and all profits Defendant has realized as a result of its wrongful conduct.

25. If the infringement occurred after the registration of West's copyright in the Botner and/or Cheek Monument, then West is entitled to statutory damages, including the heightened statutory damages award for willful copyright infringement.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. An award of judgment determining that Defendant has infringed Plaintiff's rights in its federally registered copyright in violation of 17 U.S.C. § 501;

2. Compensatory damages;

3. Statutory damages of up to $150,000 per infringement;

4. Attorneys' fees; and

5. Such other and further relief as the Court may deem equitable.

PLAINTIFF DEMANDS A JURY TO TRY ALL ISSUES PROPERLY PRESENTED TO A JURY.

Respectfully submitted,

**BURCH, PORTER & JOHNSON, PLLC**

/s/ Sarah E. Stuart
Taylor A. Cates (BPR No. 20006)
Sarah Elizabeth Stuart (BPR No. 35329)
130 N. Court Avenue
Memphis, TN  38103
Telephone:   (901) 524-5165
Email:        tacates@bpjlaw.com
              sstuart@bpjlaw.com